# IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| MELINDA FINAN | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 1:19cv155 |
| | ) | |
| CHILD PROTECTIVE SERVICES, | ) | |
| | ) | |
| Defendant. | ) | |

### MEMORANDUM OPINION, ORDER, AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

This matter comes before the undersigned United States Magistrate Judge on the Application to Proceed in District Court Without Prepaying Fees or Costs (the "Application") (Docket Entry 1) filed in conjunction with Plaintiff's pro se Complaint (Docket Entry 2). The undersigned will grant the Application for the limited purpose of recommending dismissal of this action without prejudice to Plaintiff filing a new Complaint in the proper district which corrects the defects of the current Complaint.

### LEGAL STANDARD

"The federal *in forma pauperis* statute, first enacted in 1892 [and now codified at 28 U.S.C. § 1915], is intended to guarantee that no citizen shall be denied access to the courts solely because his poverty makes it impossible for him to pay or secure the costs." Nasim v. Warden, Md. House of Corr., 64 F.3d 951, 953 (4th Cir. 1995) (en banc) (internal quotation marks omitted). "Dispensing with filing fees, however, [i]s not without its

problems. . . . In particular, litigants suing in forma pauperis d[o] not need to balance the prospects of successfully obtaining relief against the administrative costs of bringing suit." Nagy v. FMC Butner, 376 F.3d 252, 255 (4th Cir. 2004). To address this concern, the in forma pauperis statute provides that "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or . . . (ii) fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B).

As to the first of these grounds, "a complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "The word 'frivolous' is inherently elastic and not susceptible to categorical definition. . . . The term's capaciousness directs lower courts to conduct a flexible analysis, in light of the totality of the circumstances, of all factors bearing upon the frivolity of a claim." Nagy, 376 F.3d at 256–57 (some internal quotation marks omitted). In determining frivolousness, the Court may "apply common sense." Nasim, 64 F.3d at 954.

As to the second ground, a plaintiff "fails to state a claim on which relief may be granted," 28 U.S.C. § 1915(e)(2)(B)(ii), when the complaint does not "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on

2

its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (emphasis added) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." Id. (internal quotation marks omitted). This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Id. In other words, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id.[1]

## BACKGROUND

Asserting claims under the 4th, 5th, 6th, and 14th Amendments (see Docket Entry 2 at 7), Plaintiff initiated this action against

---

[1] Although the United States Supreme Court has reiterated that "[a] document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers," Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks and citation omitted), the United States Court of Appeals for the Fourth Circuit has "not read *Erickson* to undermine *Twombly*'s requirement that a pleading contain more than labels and conclusions," Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (internal quotation marks omitted) (dismissing pro se complaint); accord Atherton v. District of Columbia Office of Mayor, 567 F.3d 672, 681-82 (D.C. Cir. 2009) ("A *pro se* complaint . . . 'must be held to less stringent standards than formal pleadings drafted by lawyers.' But even a *pro se* complainant must plead 'factual matter' that permits the court to infer 'more than the mere possibility of misconduct.'" (first quoting Erickson, 551 U.S. at 94; then quoting Iqbal, 556 U.S. at 679)).

3

Defendant "Child Protect [sic] Services" ("Defendant CPS") (see Docket Entry 2 at 1, 7). In that regard, Plaintiff filed two Complaint forms with this Court, the first of which, a "Pro se [Non-prisoner] Complaint Form," asks "[f]or KQ Return KQ" under "Jurisdiction" (id. at 1), alleges under its "Statement of Claim" that "they have [sic] been no due process in any of this case all they have is hearsay and no proof what happen to par[ent]s being able to r[a]ise there [sic] child[re]n with ou[t] the state lies on us and taken [sic] our children for no reason[,] [Plaintiff] sueing [sic] for dam[a]ges and pain" (id. at 2), and requests as relief that the "Court return KQ to his mother [and] [t]hat [Defendant CPS] pay 25,000 for [Plaintiff's] pain and dam[a]ges" (id. at 4). The second form, a "Complaint for a Civil Case" form, alleges under its "Statement of Claim" that "they never did any investiages [sic] all they have are false statement[s] and that [sic] not grounds to take [Plaintiff's] son" (id. at 8), and repeats the request from the first form demanding that Defendant CPS "[r]eturn KQ," along with "25,000 for dam[a]ges and pain" (id. at 9).

## DISCUSSION

Presented in a conclusory and sometimes incoherent fashion, the Complaint's allegations apparently relate to Defendant CPS's removal of Plaintiff's minor son from her custody. (See generally id. at 1-9.) Although the Court "cannot shoulder the full burden of fashioning a viable complaint for a *pro se* plaintiff," Simon v.

4

Shawnee Corr. Ctr., No. 13-521-GPM, 2013 WL 3463595, at *1 (S.D. Ill. July 9, 2013) (unpublished), liberal construction permits the Court to determine, based upon the references in the Complaint to deprivation of Plaintiff's constitutional rights under the 4th, 5th, 6th, and 14th amendments, that this action conceivably could fall under 42 U.S.C. § 1983. See Martin v. Gentile, 849 F.2d 863, 868 (4th Cir. 1988) (explaining that courts must "construe [pro se complaints] liberally to assert any and all legal claims that its factual allegations can fairly be thought to support" (citing Haines v. Kerner, 404 U.S. 519 (1972)). However, even liberally construed, the Complaint fails to plead a viable Section 1983 claim.

As an initial matter, neither Complaint form filed by Plaintiff contains dates as to any of the alleged activities. (See Docket Entry 2.) "An allegation of time . . . is material when testing the sufficiency of a pleading." Fed. R. Civ. P. 9(f). Because of the materiality of such allegations to the evaluation of the sufficiency of the Complaint, Plaintiff has not set forth an adequate "short and plain statement of the claim showing that the pleader is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). This patent deficiency renders the Complaint frivolous.

**Section 1983 Claim**

In addition to the above-noted fatal deficiency, this action also fails to state a claim. To state a claim for relief under

5

Section 1983, Plaintiff must allege factual matter showing "that [she was] deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." American Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49–50 (1999).[2] Moreover, Plaintiff must raise her Section 1983 claims "against a 'person'" capable of committing a violation of his constitutional rights. Conley v. Ryan, 92 F. Supp. 3d 502, 519 (S.D. W. Va. 2015) (quoting 42 U.S.C. § 1983). As "Congress did not exercise its power to abrogate a state's Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983," Coffin v. South Carolina Dep't of Soc. Servs., 562 F. Supp. 579, 585 (D.S.C. 1983), "a State is not a person within the meaning of § 1983," Will v. Michigan Dep't of State Police, 491 U.S. 58, 64 (1989). That rule extends to state agencies. See id.; Manning v. South Carolina Dep't of Highway & Pub. Transp., 914 F.2d 44, 48 (4th Cir. 1990).

---

2 Specifically, Section 1983 provides, in pertinent part, that

[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress[.]

42 U.S.C. § 1983 (emphasis added).

Moreover, even absent a finding that Defendant CPS qualifies as a state agency, the Complaint fails to state a viable Section 1983 claim. Liberally construed, any such claim appears to rest on a theory that "they t[ook] [Plaintiff's] son" (Docket Entry 2 at 8),"[did] not [have] grounds to take [him]" (id.), and "there ha[s] been no due process" (id. at 2). The Complaint does not identify "they" and, assuming "they" refers to Defendant CPS, the Complaint's vague assertions that "the state lies . . . and take[s] . . . children for no reason" (id. at 2), and that "they never did any investiages [sic] all they have are false statement[s]" (id. at 8), do not plausibly establish that Defendant CPS unlawfully deprived Plaintiff of her constitutional rights when they removed Plaintiff's minor child from her custody. The Complaint's allegations qualify as the type of conclusory "the-defendant-unlawfully-harmed-me accusation[s]," Iqbal, 556 U.S. at 678, that fail to support a Section 1983 claim.

**Sealing and Redaction**

Next, the Federal Rules of Civil Procedure require redaction of the "name of [every] individual known to be a minor" from every "filing with the court." Fed. R. Civ. P. 5.2(a). Plaintiff did not comply with this requirement in filing, inter alia, the Application or exhibits to the Complaint. (See Docket Entries 1, 2-2, 2-3, 2-4.) This failing generally would warrant striking Plaintiff's noncompliant material and requiring her to refile it

7

with the appropriate redactions. See <u>Powell v. Williams</u>, No. 5:14-cv-282, 2014 WL 3809964, at *2 (E.D.N.C. July 14, 2014) (unpublished), <u>recommendation adopted</u>, 2014 WL 3809956 (E.D.N.C. Aug. 1, 2014) (unpublished). Nevertheless, in the interests of judicial efficiency, <u>see</u> <u>id.</u>, the Court (per the undersigned) directed the Clerk's Office to redact the minor's name from the Application and, as discussed below, to seal the exhibits to the Complaint in light of other sensitive information included in addition to the minor's name. The Court hereby memorializes that directive for redaction, which applies to Plaintiff's Application (Docket Entry 1) and discusses below the directive for sealing.

In addition to the minor's name, Plaintiff's filings also contain the minor's date of birth and sensitive medical information. (<u>See</u> Docket Entries 2-2, 2-3, 2-4.) To protect the privacy of the minor, the Court orally directed the Clerk's Office to place those materials under seal. The Court now reaffirms that order.

"[T]he courts of this country recognize a general right to inspect and copy . . . judicial records and documents." <u>Nixon v. Warner Commc'ns, Inc.</u>, 435 U.S. 589, 597 (1978). "This right of access to court records is not absolute, however. The trial court has supervisory power over its own records and may, in its discretion, seal documents if the public's right of access is outweighed by competing interests." <u>In re Knight Publ'g Co.</u>, 743

F.2d 231, 235 (4th Cir. 1984). Prior to granting a request to seal materials, a court should provide notice and an opportunity for objections to sealing. See id. Nevertheless, "[t]he court may temporarily seal the documents while the motion to seal is under consideration so that the issue is not mooted by the immediate availability of the documents." Id. at 235 n.1. Moreover, in appropriate circumstances, an opportunity to object to a sealing order may satisfy the notice requirement. See Baltimore Sun Co. v. Goetz, 886 F.2d 60, 65 (4th Cir. 1989) ("Since the application and issuance of a warrant are necessarily closed to press and public, notice can be given by docketing the order sealing the documents. If someone desires to inspect the papers, an opportunity must be afforded to voice objections to the denial of access."); see also United States v. Fretz, No. 7:02-cr-67-1, 2012 WL 1655412, at *2-3 (E.D.N.C. May 10, 2012) ("[Non-party movant] correctly observes that this court did not strictly comply with the[ sealing] requirements when ruling on the [parties'] Joint Motion to Seal. Accordingly, the court will do so now when considering [movant's] Motion to Unseal.").

"[S]afeguarding the physical and psychological well-being of a minor [qualifies as] a compelling [interest]" that can outweigh the public's right of access. Globe Newspaper Co. v. Superior Court for the Cty. of Norfolk, 457 U.S. 596, 607-08 (1982). Hence, "[c]ourts have found a compelling government interest in sealing

sensitive medical or other personal information, especially when relating to minors." Interstate Fire & Cas. Co. v. Dimensions Assurance Ltd., Civ. Action No. 13-3908, 2014 WL 6388334, at *2 (D. Md. Nov. 13, 2014) (unpublished) (collecting cases). A minor's non-party status heightens the justification for sealing. See, e.g., Johnson v. City of Fayetteville, No. 5:12-cv-456, 2014 WL 7151147, at *11 (E.D.N.C. Dec. 11, 2014) (unpublished) ("[F]ederal courts have found that the need to keep personal health information confidential may justify sealing certain documents. This is especially so where the medical records are of third parties, or are not central to the disposition of a case." (citation omitted)); Interstate Fire, 2014 WL 6388334, at *2 ("To protect the privacy of the child, who is not a party to this action, the [c]ourt may find it proper to redact sensitive information.").

On February 6, 2019, Plaintiff filed the Application and Complaint with accompanying exhibits, including documents containing the minor's name, date of birth, and medical history. (See Docket Entries 1, 2, 2-2, 2-3, 2-4.) On February 7, 2019, pursuant to the Court's directive, the Clerk's Office placed the exhibits to the Compliant under seal and identified such sealing in the version of the filings available on the public docket. (See, e.g., Docket Entry 2-2 at 1 ("Exhibit 2 - Vision Screening Sealed), Docket Entry 2-3 at 1 ("Exhibit 3 - Safety Assessment Sealed), Docket Entry 2-4 at 1 ("Exhibit 4 - State Court Motion to Dismiss

10

Sealed").) Thus, both the parties and the public have possessed notice of the sealing directive since February 7, 2019, but have not contested the sealing. (See Docket Entries dated Feb. 7, 2019, to present.) Accordingly, the Court finds that all interested persons have received "notice of the request to seal and a reasonable opportunity to challenge the request," <u>Virginia Dep't of State Police v. Washington Post</u>, 386 F.3d 567, 576 (4th Cir. 2004). The Court further finds that a compelling interest in protecting the minor's privacy outweighs the public's right of access to these materials, particularly given that these records do not affect the disposition of this case. The Court also concludes that, given the nature of these materials, no lesser alternative to sealing, such as redaction, would adequately protect the minor. Finally, the Court finds that sealing only the exhibits containing the minor's name, date of birth and medical history, rather than all exhibits to the Complaint, narrowly tailors the sealing order to the compelling interest at stake here.

The Court will therefore maintain under seal the exhibits to the Complaint containing the minor's name, date of birth, and medical history.

**<u>Improper Venue</u>**

As a final matter, to the extent Plaintiff could pursue her claim, as liberally construed under Section 1983, she has filed

11

this action in an improper venue. Pursuant to 28 U.S.C. § 1391(b), a plaintiff may bring a civil action in:

> (1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b).

The Complaint indicates that Defendant resides outside the Middle District of North Carolina. (See Docket Entry 2 at 1, 2, 5, 6 (describing both Defendant and Plaintiff as residents of Fayetteville, North Carolina, located in Cumberland County and, therefore, in the Eastern District of North Carolina).)[3] As noted above, Section 1391(b)(1) does not apply. As concerns Section 1391(b)(2), the Complaint alleges that a "substantial part of the events or omissions giving rise" to Plaintiff's claims occurred in

---

3 It bears noting that Plaintiff filed two separate actions in the Eastern District of North Carolina against Defendant CPS (along with additional defendants). See Finan v. Child Protective Services, No. 5:19cv11 (E.D.N.C. Jan. 9, 2019); Finan v. Child Protective Services, No. 5:19cv12 (E.D.N.C. Jan. 10, 2019). However, after review of her filings, the Eastern District of North Carolina issued an order noting multiple deficiencies and requiring correction prior to allowing the matters to move forward. See Finan, No. 5:19cv11, Docket Entry 2 at 1-2; Finan, No. 5:19cv12, Docket Entry 2 at 1-2. Plaintiff failed to correct the deficiencies noted in the Eastern District of North Carolina's order, and, as a result, those actions were "dismissed without prejudice for failure to prosecute." Finan, No. 5:19cv11, Docket Entry 3 at 1-2; Finan, No. 5:19cv12, Docket Entry 3 at 1-2.

12

the Eastern District of North Carolina, but nothing suggests that any of the relevant acts or omissions occurred in the Middle District of North Carolina. (See Docket Entry 2 at 1-9.) Similarly, given the apparent availability of the federal court in the Eastern District of North Carolina as a forum for these claims, as well as the absence of allegations linking Defendant to this District, Section 1391(b)(3) cannot support venue here.

"The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). Because Plaintiff does not face any immediate statute of limitations issue regarding any Section 1983 claim and in light of the other patent defects of the Complaint, the interests of justice do not call for transfer in lieu of dismissal (without prejudice) of any such claim.

## CONCLUSION

The Court should dismiss Plaintiff's Complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for frivolousness and failure to state a claim. In addition, the minor's name, date of birth, and medical history contained in Plaintiff's filings remain subject to sealing and redaction.

**IT IS THEREFORE ORDERED** that Plaintiff's Application (Docket Entry 1) is **GRANTED** for the limited purpose of considering this

13

recommendation of dismissal and, further, that any instance of the minor's name contained therein shall remain **REDACTED**.

**IT IS FURTHER ORDERED** that the documents containing the minor's name, date of birth and medical history (Docket Entries 2-2, 2-3, 2-4) shall remain **SEALED**.

**IT IS RECOMMENDED** that this action be dismissed without prejudice to Plaintiff filing a new Complaint in the proper district which corrects the defects of the current Complaint.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**

May 14, 2019